UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WALTER HALL                                                                                                   PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:19-CV-680-DPJ-FKB

RICHIE AUTO TRANSPORT, INC.
AND JUSTIN CAMPBELL                                                                                   DEFENDANTS

ORDER

Plaintiff Walter Hall claims his vehicle was sideswiped on Interstate 20 by a Peterbilt 18-wheeler owned by Defendant Richie Auto Transport, Inc., and driven by Defendant Justin Campbell. Hall filed a motion in limine [31], raising three issues.

First, Hall seeks to exclude evidence of Medicare paying for his accident-related medical expenses under Mississippi's collateral-source rule. Pl.'s Mem. [32] at 2. Defendants represent that they do not intend to attempt to prove that Medicare paid any of Hall's medical bills, with one caveat. Defs.' Mem. [34] at 2. If Plaintiff "'open[s] the door' [at trial] to such proof, counsel for Defendants will approach the court for a ruling before referring to any such 'payment' by Medicare." *Id.* This approach is acceptable; Hall's motion is limine on this point is granted.

Second, Hall, who has been receiving Social Security Disability benefits for years, seeks to exclude "any evidence or mention of [his] Social Security claim," arguing (without citation) that it would violate the collateral-source rule and is misleading and invasive. Pl.'s Mem. [32] at 3. He believes his "prior medical condition can be proven through prior medical records, outside of any documents generated by the Social Security Administration." *Id.* In response, Defendants agree that the amount of such benefits is not admissible. Defs.' Mem. [34] at 2. But they point out that Hall complains of injuries to his neck and back as a result of the accident and

he testified that his benefits are due in part to "problems with his neck and lower back long before the accident." *Id.*; *see* Pl. Dep. [33-1] at 2.  Accordingly, they insist the evidence is relevant to establish the existence and severity of Hall's neck and back problems prior to the accident.  Defs.' Mem. [34] at 2.  They also claim the evidence does not violate the collateral-source rule, also without citation.  *Id.*   The Court agrees this evidence is relevant.  Hall's motion on this point is denied; that said, evidence of the dollar amount of benefits is excluded by agreement.

Finally, Hall seeks a ruling that the recorded 911 call by a witness to the accident is admissible.  He believes that witness will not be available to testify at trial.  Defendants do not object.  *Id.*  Hall's motion as to the 911 recording is granted.

In sum, the Court finds Hall's motion in limine [31] should be granted in part and denied in part as described.

**SO ORDERED AND ADJUDGED** this the 9th day of March, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE