UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WALTER HALL                                                                                              PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:19-CV-680-DPJ-FKB

RICHIE AUTO TRANSPORT, INC.
AND JUSTIN CAMPBELL                                                                          DEFENDANTS

ORDER

This Order addresses various pretrial matters. On August 18, 2022, the Court conducted a pretrial conference with the parties. Plaintiff Walter Hall represented himself. During that conference, the Court helped finalize the pretrial order, discussed Defendants' motion in limine [46], and generally discussed how the case would proceed. The Court also gave Mr. Hall until Friday, August 26, 2022, to respond to Defendants' motion in limine and provide additional information if he wished to offer it at as evidence trial.

Since the pretrial conference, in preparation for trial, the Court attempted to call Mr. Hall on both numbers he left with the Court. Mr. Hall neither answered nor returned the calls even though the Court left voice messages asking him to do so. The Court also emailed Mr. Hall at the only address he provided. Over the weekend, his daughter confirmed, via email, that the Court had used the correct address but did not otherwise respond to the Court's messages. With that background, the Court addresses the remaining pretrial issues.

I.      Defendants' Motion in Limine

On August 5, 2022, Defendants moved to exclude six categories of evidence. Under local rules, Mr. Hall's deadline to respond was August 12. L.U. Civ. R. 7(b)(2)(E). Though the deadline had expired before the pretrial conference, the Court gave Mr. Hall another chance and

instructed him to respond no later than August 26, 2022. He did not. Accordingly, under Local Rule 7(b)(3), "the court may grant the motion as unopposed," and it elects to do so.

The issues Defendants seek to exclude are either clearly inadmissible or the Court lacks any information from Mr. Hall explaining why they might be admissible in this case. Accordingly, out of caution, the Court excludes all reference to: (1) any mention of liability insurance; (2) any offers to compromise or settle the dispute and all negotiations between the parties; (3) Defendant Justin Campbell's criminal record; (4) a prior accident involving Defendant Justin Campbell; (5) inadmissible hearsay; and (6) lay opinion testimony regarding Mr. Hall's alleged bodily injuries and/or reasons for medication he has been prescribed.

The parties must not mention these issues in front of the jury. That said, if either party concludes that one of these issues should be admitted into evidence, then they should ask the Court for a sidebar (a meeting between the Court and the attorneys/pro se litigant outside the jury's presence). The party asking for a sidebar must not mention any of the six issues listed above when making that request.

II.     Pretrial Order and Evidence

Local Rule 16(j)(6)(B) requires the parties to confer before the pretrial conference and develop a proposed pretrial order. Mr. Hall did not comply and never provided his portion of the proposed pretrial order to Defendants. But because he is representing himself without legal experience, the Court worked with the parties to fill in the blanks. The Court then gave Mr. Hall until August 26 to request any corrections to the proposed pretrial order and to offer any additional witnesses or exhibits. He was instructed to provide his revisions, the identity of additional witnesses, and copies of any new exhibits to defense counsel by that date but did not.

On August 29, 2022, Defendants submitted a proposed pretrial order that reflected the changes made at the pretrial conference, as well as their motion to allow a video witness [49] (addressed *infra*) and one additional may-call witness (Amy Richie, owner of Richie Transport). The Court will enter this final version of the pretrial order.  Mr. Hall will be limited to the information contained in that order.

III.     Defendants' Motion to Allow Video Witness

On August 29, 2022, Defendant moved to allow Justin Campbell to testify via Zoom. According to the motion, Campbell's neighborhood in Winona, Texas, was hit by a tornado on August 22, 2022, and he is presently involved in "recovery, repair and relocation with regard to his home." Mot. [49] ¶ 3.  Both Defendants and the Court attempted to contact Mr. Hall to discuss this request, but he never responded.  After that, the Court entered a Text-Only Order giving Mr. Hall until August 30 to respond to the expedited motion; he did not respond.

Federal Rule of Civil Procedure 43(a) states:  "At trial, witnesses' testimony must generally be taken in open court, . . . [but for] good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Defendants have presented good cause to allow Mr. Campbell to testify by video, and the motion is unopposed in the record.  It is therefore granted.

That said, Mr. Hall indicated during the pretrial conference that he intended to call Mr. Campbell as a witness, so Defendants must make him available (by video) to testify during Mr. Hall's case in chief.  Counsel for Defendants are responsible for coordinating with Mr. Campbell, the Court's IT staff, and Courtroom Deputy Shone Powell regarding the testimony.

IV.     Conclusion

For the reasons stated, Defendants' unopposed motion in limine [46] is granted.  The Court excludes all reference to:  (1) any mention of liability insurance; (2) any offers to compromise or settle the dispute and all negotiations between the parties; (3) Defendant Justin Campbell's criminal record; (4) a prior accident involving Defendant Justin Campbell; (5) inadmissible hearsay; and (6) lay opinion testimony regarding Mr. Hall's alleged bodily injuries and/or reasons for medication he has been prescribed.

In addition, Defendants' unopposed motion to allow Defendant Justin Campbell to testify live but via Zoom at trial [49] is granted.

**SO ORDERED AND ADJUDGED** this the 30th day of August, 2022.

> s/ *Daniel P. Jordan III*
> CHIEF UNITED STATES DISTRICT JUDGE